UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMERCIAL CREDIT GROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> AMH LOGISTICS, INC., et al., <br><br> Defendants. | No.  1:19-cv-01081-AWI-EPG <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR AN ISSUANCE OF ORDER TO SHOW CAUSE BE GRANTED <br><br> (ECF No. 32) <br><br> FOURTEEN DAY DEADLINE |

Plaintiff Commercial Credit Group Inc. ("CCG") filed the complaint commencing this action on August 6, 2019. (ECF No. 1). The complaint alleges that Defendants are borrowers or guarantors loans issued by CCG and which are secured by certain vehicles.[1] Defendants defaulted on their obligations, and CCG sought to recover the collateral. While it was able to recover some of the collateral, certain vehicles remain missing. Despite the Court order to transfer the missing vehicles and issuing writs of possession with respect to them, (ECF Nos. 22, 24), Defendants have failed to do so. CCG moved for an issuance of an order to show cause why Defendants should not be held in contempt on May 8, 2020. (ECF No. 32). District Judge Ishii referred the motion to the undersigned on July 10, 2020. (ECF No. 34). The Court held a hearing on August 7,

---

[1] The Complaint alleges that CCG lent money to BKSG Transportation, LLC, which transferred the loans to AMH Logistics Inc.; to AMH Logistics, Inc. separately; and to AM2 Logistic, Inc. Each of those Defendants, along with Defendants AMK Transport Inc., Karnvir Singh and Maninder Kaur Bains, are guarantors.

1

2020. (ECF No. 39). For the foregoing reasons, the Court recommends that CCG's motion be granted and that the Court issue an order to show cause why the Defendants should not be held in contempt.

## I. PROCEDURAL HISTORY

The complaint was filed on August 6, 2019. Defendants—AMH Logistics, Inc.; AM2 Logistic, Inc.; BKSG Transportation, LLC; AMK Transport, Inc.;[2] Karnvir Singh; and Maninder Kaur Bains—were served on August 29, 2019, and CCG filed executed summonses on September 3, 2019. (ECF Nos. 9-14). However, no Defendant has appeared.

On August 12, 2019, CCG filed an application for a writ of possession for those vehicles. (ECF No. 7). On December 18, 2019, the Court granted CCG's application and ordered Defendants to turn over the missing vehicles (the "Turnover Order"). (ECF No. 22). The Turnover Order noted that "Defendants are cautioned that failure to turn over possession of the property to Plaintiff may subject Defendants to being held in contempt of Court." (*Id.* at 5). Defendants or, with respect to the entities, their agents for service of process (other than AMK Transport, Inc., which has been dismissed), were personally served with the Turnover Order on March 24, 2020. (ECF Nos. 27-31).

On May 8, 2020, CCG filed a motion for an issuance of an order to show cause why Defendants should not be held in contempt for failing to comply with the Turnover Order. (ECF No. 32). The motion requested that order to show cause require Defendants to show cause "[w]hy [individual Defendants] Singh and Bains should not be coercively incarcerated if the vehicles are not turned over to CCG within 10 days of service of an order holding them in contempt until such time they fully comply with the Turnover Order and an order holding them in contempt[.]" (*Id.* at 3).

Defendants did not respond. On June 5, 2020, CCG filed a notice of non-response which requested that the motion to be granted based on Defendants' nonresponse or, in the alternative, for a telephonic oral argument. (ECF No. 33). District Judge Ishii referred the matter to the undersigned. (ECF No. 34). The Court set a hearing for August 7, 2020. When setting a hearing,

---

[2] CCG has since voluntarily dismissed AMK Transport, Inc. (ECF Nos. 36-37).

2

the Court ordered CCG to attempt personal service on Defendants or explain why personal service was impossible no later than two weeks before the hearing. (ECF No. 35). On July 21, 2020, CCG submitted a declaration showing its unsuccessful attempts at personal service. (ECF No. 38). Specifically, CCG hired two different firms to attempt personal service on Bains and Singh. The first firm went to their home once a day from June 19-25, 2020 at varying times. (*Id.* at 5-6). The other attempted service daily on June 19-21, 23-25, and 29, 2020, and conducted a stakeout on July 1, 2020 without success. (*Id.* at 8-12).

The Court held the hearing on August 7, 2020. (ECF No. 39). Plaintiff's counsel Hal Goldflam telephonically appeared. No Defendant appeared.

## II.     THE TURNOVER ORDER AND DEFENDANTS' NONCOMPLIANCE

The Turnover Order (ECF No. 22), clearly spelled out what Defendants were required to do: "Defendants are further directed to transfer possession of the repossession vehicles as described above to Plaintiff via the United States Marshal[.]" (ECF No. 22 at 4). The vehicles were described by in a table that included a description of the vehicle and its serial number. (*Id.* at 2-4).

According to the CCG's attorney Andrew Alper's declaration, CCG submitted a package containing the writs of possession to the United States Marshal on January 30, 2020. (ECF No. 32 at 16). After being "advised that the United States Marshal was unable to serve the Defendants with the levy," CCG personally served the writs and corresponding documents on Defendants. (*Id.*). He further attests that none of the Defendants have "delivered any of the vehicles identified [in the Turnover Order] to the United States Marshal." (*Id.* at 17).

## III.    STANDARD FOR CIVIL CONTEMPT

A court holds a party in civil contempt to compel that party to comply with a court order or to provide compensation for the contemnor's injuries. *United States v. Bright*, 596 F.3d 683, 695–96 (9th Cir. 2010) ("Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance."). "In a civil contempt action, the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite

3

order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Fed. Trade Comm'n v. Enforma Nat. Prod., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004)

Overall, there are four elements that a party seeking a contempt order must show: "(1) that [the disobedient party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Labor/Cmty. Strategy Ctr. v. Los Angeles Cty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009).

"Given the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which contempt may be purged, spelled out in either the original order or the contempt order. Moreover, although the district court generally must impose the minimum sanction necessary to secure compliance, the district court retains discretion to establish appropriate sanctions." *Bright*, 596 F.3d at 696. "District courts have broad equitable power to order appropriate relief in civil contempt proceedings." *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir.), *opinion amended on other grounds on denial of reh'g sub nom. Sec. & Exch. Comm'n v. Hickey*, 335 F.3d 834 (9th Cir. 2003).

Incarceration is a permissible punishment for civil contempt. 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority [for] . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."); *Uphaus v. Wyman*, 360 U.S. 72, 81 (1959) (in affirming order incarcerating an individual for civil contempt, noting "we are not at all concerned with the power of courts to impose conditional imprisonment for the purpose of compelling a person to obey a valid order. Such coercion, where the defendant carries the keys to freedom in his willingness to comply with the court's directive, is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees").

Here, CCG has provided "clear and convincing evidence that [Defendants] violated a specific and definite order of the court," *Enforma*, 362 F.3d at 1211. The Turnover Order requires Defendants to transfer possession of specific vehicles to CCG via the United States Marshal.

According to CCG's counsel's affidavit, Defendants have failed to do so. That is clear and convincing evidence of violating a specific and definite court order. The burden, now, rests on Defendants, to show why they have been unable to comply. Defendants, who have not appeared and did not attend the August 7, 2020 hearing, have provided no such explanation. For that reason, an order to show cause why they should not be held in contempt should issue.

Although it is premature to determine what sanction should issue, given that Defendants have not been held in contempt, the Court notes that incarceration may be appropriate. CCG has also obtained a money judgment against Defendants. (ECF No. 32 at 85-97). At the hearing, CCG's counsel advised that the judgment has not yet been satisfied. It seems unlikely, then, that an additional money judgment would sufficiently compel Defendants to comply with the Court's order. **Therefore, the Court cautions Defendants Singh and Bains that continued disobedience to the Turnover Order may result in incarceration.**

## IV.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is HEREBY RECOMMENDED that:

1) CCG's motion for an issuance of an order to show cause be GRANTED.
2) That the Court order Defendants, within fourteen (14) days of being served with the order to show cause, to show cause in writing:
    a. Why Defendants, and each of them, should not be held in contempt of court for violating the Turnover Order;
    b. Why Defendants, and each of them, should not forthwith take all steps necessary and appropriate to turn over all of the vehicles identified in the Turnover Order to CCG within 10 days of service of an order holding them in contempt;
    c. Why Defendants Singh, Bains, or both should not be coercively incarcerated if all of the vehicles listed in Turnover Order are not turned over to CCG within 10 days of service of an order holding them in contempt until such time they fully comply with the Turnover Order; and
    d. Why such other relief that the Court may deem just and proper should not be imposed against Defendants, including monetary sanctions, to coercively cause

Defendants' compliance with the Turnover Order and order of contempt.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 14, 2020**                    /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE