UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COMMERCIAL CREDIT GROUP INC.,

Plaintiff,

v.

AMH LOGISTICS, INC. et al.,

Defendants.

No. 1:19-cv-01081-AWI-EPG

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF NOS. 32 & 40)

Plaintiff, Commercial Credit Group Inc. ("Plaintiff") filed the Complaint against Defendants, AMH Logistics, Inc., aka AMH Logistics Inc., ("AMH"); AM2 Logistic Inc., aka AM2 Logistic Inc. ("AM2"); Karnvir Singh ("Singh); Maninder Kaur Bains ("Bains"); AMK Transport Inc., ("AMK");[1] and BKSG Transportation, LLC ("BKSG") (collectively, other than AMK, "Defendants") on August 6, 2019. (ECF No. 1.) On May 8, 2020, Plaintiff moved for an issuance of an order to show cause why Defendants should not be held in contempt for failing to comply with the Court's order on December 17, 2019, concerning Plaintiff's motion for a writ of possession (ECF No. 22, hereinafter the "Turnover Order"). (ECF No. 32). The Court referred the motion to Magistrate Judge Erica P. Grosjean on July 10, 2020. (ECF No. 34). On August 17, 2020, Judge Grosjean issued findings and recommendations, recommending that:

///

[1] On June 19, 2020, Plaintiff voluntarily dismissed this action against AMK. (ECF No. 36).

1) CCG's motion for an issuance of an order to show cause be GRANTED.
2) That the Court order Defendants, within fourteen (14) days of being served with the order to show cause, to show cause in writing:
   a. Why Defendants, and each of them, should not be held in contempt of court for violating the Turnover Order;
   b. Why Defendants, and each of them, should not forthwith take all steps necessary and appropriate to turn over all of the vehicles identified in the Turnover Order to CCG within 10 days of service of an order holding them in contempt;
   c. Why Defendants Singh, Bains, or both should not be coercively incarcerated if all of the vehicles listed in Turnover Order are not turned over to CCG within 10 days of service of an order holding them in contempt until such time they fully comply with the Turnover Order; and
   d. Why such other relief that the Court may deem just and proper should not be imposed against Defendants, including monetary sanctions, to coercively cause Defendants' compliance with the Turnover Order and order of contempt.

(ECF No. 40 at 5).

Defendants were provided an opportunity to file objections to the findings and recommendations. The deadline to file objections has passed, and Defendants have not filed objections or otherwise responded to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by Magistrate Judge Erica P. Grosjean on August 17, 2020, are ADOPTED IN FULL;
2. Plaintiff's motion for an issuance of an order to show cause is GRANTED.
3. Defendants, within fourteen (14) days of being served with the order to show cause, to show cause in writing:
   a) Why Defendants, and each of them, should not be held in contempt of court for violating the Turnover Order;
   b) Why Defendants, and each of them, should not forthwith take all steps necessary and appropriate to turn over all of the vehicles identified in the

Turnover Order to Plaintiff within 10 days of service of an order holding them in contempt;

c) Why Defendants Singh, Bains, or both should not be coercively incarcerated if all of the vehicles listed in Turnover Order are not turned over to Plaintiff within 10 days of service of an order holding them in contempt until such time they fully comply with the Turnover Order; and

d) Why such other relief that the Court may deem just and proper should not be imposed against Defendants, including monetary sanctions, to coercively cause Defendants' compliance with the Turnover Order and order of contempt.

IT IS SO ORDERED.

Dated: October 6, 2020

SENIOR DISTRICT JUDGE