**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **COMMERCIAL CREDIT GROUP, INC.,** | **CASE NO. 1:19-CV-1081 AWI EPG** |
| **Plaintiff** | |
| v. | **ORDER FOLLOWING RESPONSES FROM CONTEMPT ORDER AND ORDER FOR DEFENDANTS TO MAKE ADDITIONAL FILINGS** |
| **AMH LOGISTICS, INC, et al.,** | |
| **Defendants** | (Doc. Nos. 50, 51, 52) |

This is a commercial dispute between Commercial Credit Group, Inc. ("CCG") and Defendants regarding a defaulted loan. On December 19, 2019, CCG obtained a writ of possession from this Court to repossess various trucking/transport vehicles and equipment ("the Vehicles"). See Doc. Nos. 21, 22, 25. Among other things, the Court ordered Defendants Singh and Bains to transfer possession of the Vehicles to CCG via the United States Marshal. See Doc. No. 22. Defendants Singh and Bains were cautioned that the failure to turn over possession of the Vehicles could subject Defendants to being held in contempt of court. See id. Despite the writ of possession and the orders of this Court, Defendants Singh and Bains failed to turn over possession of the subject Vehicles, and the U.S. Marshal Service has been unable to take possession of the Vehicles.

On November 3, 2020, the Court adopted a Findings and Recommendation and held Defendants in contempt ("the Contempt Order". See Doc. No. 48. In relevant part, the Contempt Order held:

    2.    Within ten (10) days of service of this order, Defendants shall contact Plaintiff and

|   |   |   |
|---|---|---|
|   |   | take all steps necessary and appropriate to turn over all of the Vehicles identified in the Turnover Order to Plaintiff; |
|   | 3. | If Defendants fail to turn over the subject to Vehicles to CCG within ten (10) days of service of this order, and Defendants have not otherwise satisfactorily communicated or made arrangements with Plaintiff for the turn over of the subject Vehicles, then the Court will issue a bench warrant/arrest warrant for Defendants Singh and Bains; |
|   | 4. | Upon the successful execution of a bench warrant/arrest warrant, the Court will listen to the position of Defendants Singh and Bains in order to ascertain appropriate remedies to compel their compliance with the Turnover Order, including but not limited to coercive incarceration and monetary penalties; |

Id.

On November 11, 2020, Defendants Singh and Bains filed responses to the Contempt Order. See Doc. Nos. 50, 51. The responses are identical and filed pro se. See id. The responses read: "This is Maninder Bains and Karnvir Singh. We returned the units to the commercial credit group. We told the locations of all their units. We have attached the copy of emails as we informed them locations of their units as you can see the date and time too we sent them. Also, again put their units' locations with each vehicle vin # as you can see." Id. The responses attached e-mails and documents from February 2019, June 2019, and July 2019. Id.

On January 7, 2021, CCG filed a reply to Defendants' responses, which includes a declaration from an officer of CCG. See Doc. No. 52. The reply states that five Vehicles remain unaccounted for. See id. The reply explains that the information provided by Singh and Bains is false/misleading and it is the same information that has been provided to CCG starting in February 2019. See id. CCG investigated the purported location of each of the five Vehicles and none were at the purported location. See id. For two of the Vehicles, CCG subsequently received a notice of intent to sell and enforce a lien by a towing company. See id. When CCG investigated and spoke to the owner of the towing company in March and April 2020 regarding the two Vehicles, the owner said that Mr. Singh and a tow truck driver arrived at the tow yard, paid the money owed,

and took the two vehicles.[1]  See id.  CCG notes that Defendants Bains and Singh did not contact or communicate with CCG and requests that the Court issue a bench warrant for their arrest.  See id.

After review, the Court concludes that Defendants Bains and Singh have failed to comply with the Contempt Order.  Specifically, Defendants Bains and Singh failed to communicate with CCG, did not make any arrangements with CCG, and five Vehicles remain unaccounted for.  Under these circumstances, the Court would be justified in issuing a bench warrant for the physical arrest of Defendants Bains and Singh.  However, the responses filed by Defendants Bains and Singh give the Court pause.  These Defendants are not represented by counsel.  The Court construes the responses as indicating that Defendants Bains and Singh are representing that they do not have possession or control over the five Vehicles.  If that is the case, then Defendants are incapable of returning the five Vehicles or complying any further with a writ of possession, civil contempt notwithstanding.

Considering Defendants Bains and Singh's pro se status and their submissions/responses, the Court will not issue a bench warrant at this time.  Instead, the Court will order additional submissions from Defendants Singh and Bains.  Specifically, Defendants Singh and Bains will be ordered to:  (1) respond to CCG's reply, including CCG's representations that the five Vehicles are not at the locations identified in the e-mail attachments; (2) identify current or last known locations for the five Vehicles in question; (3) and state clearly and expressly whether they are representing that they do not have possession or control of the five Vehicles.  If Defendants Singh and Bains are representing that they do not have possession or control of the five Vehicles, then Defendants shall file a sworn declaration to that effect.  Once the Court receives the additional submissions from Defendants Bains and Singh, the Court will issue further appropriate orders.

Defendants are warned that the failure to file the responses directed by this Order will result in the further enforcement of the Contempt Order and the issuance of a bench warrant for the physical arrest of Defendants Singh and Bains.  The Court reminds Defendants Bains and Singh that they remain under an order to communicate with CCG regarding the five Vehicles.

---

[1] The Court notes that there is no declaration from the owner of the towing company, and it is unknown how or why either the owner or the declarant believe that it was actually Defendant Singh who drove off with the two vehicles.

3

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of service of this order, Defendants Maninder Bains and Karnvir Singh shall file an additional response that:

    (a) responds to CCG's reply, including CCG's representations that the five Vehicles are not at the locations identified in the e-mail attachments;

    (b) identifies the current or last known locations for the five Vehicles in question; and

    (c) states clearly and expressly whether they are representing that they do not have possession or control of the five Vehicles;

2. If Defendants Singh and Bains are representing that they do not have possession or control of the five Vehicles, then Defendants shall file a sworn declaration to that effect;

3. Upon receipt and review of the additional responses from Defendants Bains and Singh, the Court will issue further appropriate orders; and

4. Defendants Singh and Bains are WARNED that the failure to file the responses directed by this Order will result in the further enforcement of the November 3, 2020 Contempt Order (Doc. No. 48) and the issuance of a bench warrant for their physical arrest.

IT IS SO ORDERED.

Dated:   January 27, 2021                              _____
                                                       SENIOR DISTRICT JUDGE