UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMERCIAL CREDIT GROUP, INC.,<br><br>Plaintiff<br><br>v.<br><br>AMH LOGISTICS, INC, et al.,<br><br>Defendants | CASE NO. 1:19-CV-1081 AWI EPG<br><br>ORDER REGARDING CONTEMPT AND ORDER FOR PLAINTIFF TO FILE A STATUS REPORT |

    This is a commercial dispute between Commercial Credit Group, Inc. ("CCG") and Defendants regarding a defaulted loan. On December 19, 2019, CCG obtained a writ of possession from this Court to repossess various trucking/transport vehicles and equipment ("the Vehicles"). See Doc. Nos. 21, 22, 25. Among other things, the Court ordered Defendants Singh and Bains to transfer possession of the Vehicles to CCG via the United States Marshal. See Doc. No. 22. Defendants Singh and Bains were cautioned that the failure to turn over possession of the Vehicles could subject Defendants to being held in contempt of court. See id. Despite the writ of possession and the orders of this Court, Defendants Singh and Bains failed to turn over possession of the subject Vehicles, and the U.S. Marshal Service has been unable to take possession of the Vehicles.

    On November 3, 2020, the Court adopted a Findings and Recommendation and held Defendants in contempt ("the Contempt Order"). See Doc. No. 48.

    On November 11, 2020, Defendants Singh and Bains filed responses to the Contempt Order. See Doc. Nos. 50, 51. The responses are identical and filed pro se. See id. The responses read: "This is Maninder Bains and Karnvir Singh. We returned the units to the commercial credit group. We told the locations of all their units. We have attached the copy of emails as we

Case 1:19-cv-01081-AWI-EPG   Document 59   Filed 11/30/22   Page 2 of 3

1 informed them locations of their units as you can see the date and time too we sent them.  Also,
2 again put their units' locations with each vehicle vin # as you can see." Id.  The responses
3 attached e-mails and documents from February 2019, June 2019, and July 2019.  Id.

4    On January 7, 2021, CCG filed a reply to Defendants' responses, which included a
5 declaration from an officer of CCG.  See Doc. No. 52.  The reply stated that five Vehicles remain
6 unaccounted for.  See id.  The reply explained that the information provided by Singh and Bains is
7 false/misleading and it is the same information that has been provided to CCG starting in February
8 2019.  See id.  CCG noted that Defendants Bains and Singh did not contact or communicate with
9 CCG and requested that the Court issue a bench warrant for their arrest.  See id.

10    On January 27, 2021, the Court issued a further order.  See Doc. No. 54.  In light of
11 Defendants Bains and Singh's pro se status, the Court declined to issue a bench warrant at the
12 time.  See id.  The Court construed Defendants' previous filings as indicating that the Defendants
13 no longer had possession or control of the five Vehicles.  See id.  The Court ordered Defendants to
14 (1) respond to CCG's reply, including CCG's representations that the five Vehicles are not at the
15 locations identified in the e-mail attachments; (2) identify current or last known locations for the
16 five Vehicles in question; (3) and state clearly and expressly whether they are representing that
17 they do not have possession or control of the five Vehicles.  See id.

18    On February 16, 2021 and March 19, 2021, Defendants Bains and Singh filed a response,
19 see Doc. No. 57, and a declaration, see Doc. No. 58.  The response attached information for the
20 five Vehicles and a police report for a trailer.  See Doc. No. 57.  The declaration states that
21 Defendants do not have the five Vehicles.  See id.  Defendants declare that to the best of their
22 knowledge, the drivers of the Vehicles left the Vehicles to be towed away.  See id.  They also
23 provided the most up to date information about the location of the trucks.  See id.  They state in
24 part, "We know for sure that we do not have any of [the five Vehicles]."  See id.

25    After reviewing the response and declaration, it is clear that the Defendants are declaring
26 under penalty of perjury that they do not have possession or control of the five Vehicles and that
27 that they have provided the only known information as to the whereabouts of the Vehicles.  The
28 declarations indicate that it is not possible for Defendants to provide either the Vehicles or

2

additional information about the Vehicles' location. In such circumstances, Defendants are incapable of returning the five Vehicles or complying any further with a writ of possession, civil contempt notwithstanding. Therefore, at this time, the Court will take no further actions against Defendants Bains and Singh.

Further, since the March 2021 declaration, there have been no other filings in this case. At this time, it does not appear that there is any further relief that can be granted to Plaintiff in terms of possessing the Vehicles. Given the passage of time, the Court finds it is appropriate for Plaintiff to provide a status report. The status report shall include whether Plaintiff wishes to continue to prosecute this case and its suggestions for the continued prosecution of this case. If Plaintiff no longer wishes to prosecute this matter, the status report may include a request to dismiss under Rule 41(a). The Court will also construe a failure to timely file a status report as a representation that Plaintiff no longer wishes to pursue this case for purposes of Rule 41(a).

### **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Court will take no further actions regarding contempt against Defendants Bains and Singh at this time;
2. Within fourteen (14) days of service of this order, Plaintiff shall file a status report as described above; and
3. The Court will construe a failure by Plaintiff to timely file a status report as a representation for purposes of Rule 41(a) that Plaintiff no longer wishes to prosecute this case.

IT IS SO ORDERED.

Dated:   November 30, 2022                              _____
                                                                                     SENIOR DISTRICT JUDGE

3